UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DIANE MANESS                                                                                          PLAINTIFF

v.                                          No. 3:16-CV-00011-JTR

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                                 DEFENDANT

## ORDER AFFIRMING THE COMMISSIONER

Diane Maness ("Maness") applied for social security disability benefits with an alleged disability onset date of July 31, 2010. (R. at 253). Maness later amended the disability onset date to July 6, 2012. (R. at 230–31). The administrative law judge ("ALJ") denied benefits to Maness after a hearing, and the Appeals Council denied review. (R. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Maness has requested judicial review.[1]

For the reasons stated below, the Court affirms the ALJ's decision.

**I.     The Commissioner's Decision**

The ALJ held that Maness had the severe impairments of osteoarthritis, breast cancer status post mastectomy, hypertension, and depression. (R. at 192). The ALJ then determined that, through the date last insured, Maness had the residual functional capacity ("RFC") to perform light work except that she must be

---

[1]The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

limited to work where: interpersonal contact is incidental to the work performed; the complexity is of one to two step tasks that would be learned by rote with few variables and little judgment; the supervision would be simple, direct, and concrete; and work is limited to SVP 1 or 2 jobs that can learned within 30 days. (R. at 195). The ALJ took testimony from a vocational expert ("VE") and determined that Maness could not return to any of her past relevant work. (R. at 199). However, the VE testified that Maness could perform other jobs existing in significant numbers in the national economy, such as motel cleaner or inspector. (R. at 200). Thus, the ALJ held that Maness was not disabled. (R. at 201).

## II.   Discussion

Maness argues that the ALJ erred in failing to consider whether she should have been considered to be in a higher age category. She further contends that the ALJ's physical RFC determination is not supported by substantial evidence in the record.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

### A. Maness's Age Category Argument is Without Merit

Maness's date of birth is September 22, 1959. (R. at 253). As of her date last insured, she was approximately nine months from her fifty-fifth birthday. (R. at 253). Maness argues that, because this places her in a "borderline situation" under 20 C.F.R. § 404.1563(b), the ALJ was bound to consider whether to use the "advanced age" category rather than the "approaching advanced age" category. According to Maness, if the ALJ had used the advanced age category, she would be disabled under Medical-Vocational Rule 202.04 or 202.06. 20 C.F.R. pt. 404, subpt. P, app. 2.

As the Commissioner notes, however, the Eighth Circuit has held that eight months is "too distant" to be borderline. *Byes v. Astrue*, 687 F.3d 913, 917-18 (8th Cir. 2012). Thus, Maness's age was "too distant" from the advanced age category to be considered borderline.

### B. Substantial Evidence Supports the ALJ's Physical RFC Determination

Maness also argues that, because there is no opinion from a treating or examining physician, the ALJ impermissibly drew his own inferences from the medical records in determining that Maness had the RFC for light work. As a result, Maness argues that the RFC determination is not supported by substantial evidence.

The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, including medical records, opinions from medical sources, and the claimant's own descriptions of his or her limitations. *See* 20 C.F.R. § 404.1545(a)(3). While there is no requirement that an RFC determination be supported by a specific medical opinion, the record must contain "affirmative medical evidence" to support the ALJ's findings. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). In the absence of medical opinion evidence, "medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence" supporting the ALJ's RFC findings. *Id.*

In support of her argument, Maness relies on *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004), where the Eighth Circuit noted that an ALJ "may not simply draw his own inferences about [a claimant's] functional ability from medical reports." However, the Court went on to hold, in *Strongson*, that substantial evidence supported the ALJ's RFC assessment in that case because the

record contained extensive evidence from "both treating and examining physicians" describing the claimant's functional abilities. *Id.* at 1071-72.

Similarly, here, while the record does not contain an opinion from a treating or examining physician, it does contain numerous treatment records from Maness's treating and examining medical providers. (R. at 438-641, 648-83, 689-740). The records do not contain evidence of significant physical limitations during the relevant time period. The ALJ discussed and relied upon these treatment records in reaching his physical RFC determination. (R. at 196-97). The ALJ noted that, although Maness received "minimal" ongoing treatment for her physical conditions, he nonetheless restricted her to a "wide range of light work." (R. at 197). Furthermore, while not substantial evidence alone, the ALJ expressly considered the opinions of the reviewing state agency consultants, which are consistent with the overall medical evidence and provide support for the RFC determination. (R. at 198-99, 253–63, 265–76).

The ALJ is only required to order further medical examinations where a "critical issue is undeveloped" and the existing medical record does not provide "sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). In this case, Maness has not established that such an issue is underdeveloped. Maness has not argued that there are any limitations for which the ALJ failed to account, and a review of the

record does not reveal evidence of such additional limitations. Substantial evidence on the record as a whole supports the ALJ's decision. *See Buford v. Colvin*, 824 F.3d 793, 796-97 (8th Cir. 2016) (ALJ did not err in failing to obtain an opinion from a treating or consultative doctor where RFC was based on state-agency medical consultants' assessments and claimant's medical records that showed examination and treatment by various medical providers over a two-year period).

### III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

It is so ordered this 24th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE